Today is Ismail v. DeJoy, Appeal No. 25-1412. Mr. Chalabi, whenever you're ready. Hold on for one second, Len. Of course. Okay, go ahead. Good morning, Your Honors. May it please the Court. I am Riyad Chalabi, and I present Yousef Ismail, the Plaintiff Appellant, in this appeal manner. This case judges an individual who brought a discrimination case against the Postmaster General of the United States. The questions here are whether or not the District Court erred in strictly enforcing Rule 56.1 to deem all the defendant's facts admitted while disregarding plaintiff's evidence citing his response, as well as their error in granting summary judgment on plaintiff's discrimination claims by ignoring evidence that plaintiff was subjected to adverse actions, including emergency leave, public humiliation, and disparative enforcement of workplace policies, as well as they rejected plaintiff's hostile work environment claim by overlooking persuasive harassment such as public discipline, COVID violations, and retaliatory scrutiny, which collectively altered plaintiff's workplace conditions. Lastly, if they improperly rejected plaintiff's retaliation claim and they misapplied Mulder v. City of St. Louis by disregarding the full scope of adverse actions. Mr. Chalabi, there's a host of cases where we have said that a District Court in Northern District of Illinois is entitled to exercise discretion and insist on strict compliance with Local Rule 56.1. Why shouldn't that rule be applied here? So in this case, the district judge, when they were looking at Rule 56.1, even based off of defendant's briefing, they went outside their briefing and said, I want to look at the record. I want to look at the full deposition. I know you didn't include it in your argument, but I still want to look at that. And the law does state that. You can look at the entire record, and if anything negates 56.1, you can use that. And the judge just failed to do that. She wanted to use it in terms of, to benefit the defendant here, but didn't want to use it in terms of plaintiff. Because even in her order, she explains specific instances of discrimination that she did believe occurred and it did rise to the level of a basis for a claim, but said that she would not find it that way. That doesn't mean a jury fact-finder wouldn't find it that way. This is a case where a jury should be able to hear those facts and go over it, not just take her opinion on it. I think, I think the, first of all, I think the opinion that we're reviewing is Judge Cannelli's opinion, right? Correct. And so that's, that's Matthew Cannelli. I'm sorry. I said that wrong. The other thing is that the, the rule allows the district court to look at other portions of the record, but it doesn't require a district court to do so. It can exercise discretion. And here, at least the defendant points out that the reason why he wanted to look at the full deposition of Mr. Calabresi was because he wanted to see what was in there about other comparators and about Ms. Echler in particular, to see if there was a basis to afford the comparator argument. That seems like something that would inure to your client's benefit and not necessarily the defendant's benefit. Am I missing something? No. Yes and no. So, it would be my client's benefit if they looked at the entire record. But when they looked at the entire record, they did state in their opinion that when they looked at it, they did find these instances of harassment, that things that they could, that they would meet the prongs. However, in their opinion, it wouldn't meet this prong. It's not about their opinion. It's got to be a fact finder of a jury or somebody else of a reasonable opinion. And I don't think when they looked at those facts, that it was reasonable to them to infer that this discrimination didn't happen. Secondly, Your Honor, the reason why that's incorrect is because when they went outside of their motion to do that, it didn't necessarily help us. In a certain spot, it's helping the defendant provide their argument for summary judgment by saying... Well, it didn't. I think district court, in the end, it didn't help you because district court didn't find anything in the Calabresi deposition that it thought would establish that Ms. Eckler was a substantially similar comparator. So I suppose in the end, it did help the defendant, but I guess the purpose of it was to see, to assess whether or not there was anything beyond what the plaintiff had provided to establish that point. But even under 56.1, Judge, and cases in the appellate court have stated that on cases under 56.1 or a case where affirmative defenses are not replied to or request to admit, if you even look at the complaint, and the complaint itself negates what the defendant is putting up, and that's enough to survive summary judgment. I think we're looking at this the wrong standard. Defendant is saying, well, because we're appealing, we're at a higher standard. Not necessarily. They improperly gave the defendant their summary judgment motion, and they approved it. And that was improper. And that bar is high, Your Honor. And that bar was not satisfying. Even in their own opinion, they're citing these discrimination cases, which they said they did relate to our client. However, under their opinion, it wouldn't survive a test of a reasonable person. That's not accurate. And that's what we're appealing off of. When they look at the facts of the case, again, when you go outside that motion, you look at our complaint, you look at the depositions, you look at the discovery, it's clear that Mr. Ismael was discriminated against. And if it's not clear, then a jury should be able to decide that. I'd like to just save the rest of my time for rebuttal, if that's okay. Terrific. All right. Thank you, Mr. Shalabi. Ms. Winston. Thank you. What do you have to add here? May I please the court, counsel, Your Honors? This court should affirm the district court's ruling because no reasonable jury could conclude that Mr. Ismael was discriminated against based on his race or that he was retaliated against or subjected to a hostile work environment. Mr. Ismael has no evidence whatsoever that he was discriminated against based on his race. He only identified one comparator, which the court has already mentioned, Deborah Eckler. However, Ms. Eckler is not a similarly situated employee because she did not have a comparable disagreement with the supervisor on the workroom floor. The district court engaged in an examination of the entire record and found that the disagreements between Deborah Eckler and Mr. Calabresi and Mr. Ismael and Mr. Calabresi were not similar. Second, the district court correctly decided that Mr. Ismael was not retaliated against. Though he engaged in protected activity, that protected activity was not related to any of his protected classes. And third, the district court generously found that Mr. Ismael pleaded a hostile work environment claim. However, the event was not based on Mr. Ismael's race. And for those reasons, the court should affirm the district court's decision granting summary judgment for the Postmaster General. Thank you, Ms. Winston. Mr. Schlabe, would you like to respond to any of that? Okay. Okay. Well, you have four minutes and 17 seconds. Take as much of it as you like. Thank you, Your Honor. What counsel is saying is inaccurate. There was several instances of discrimination against Mr. Ismael. And it was pointed out by the Postmaster General that stated that nobody in that postal service was of Middle Eastern descent and that Mr. Ismael has been working there. He's a senior person there. He's been there for several years. And there's also facts in the case that show that this happened previously before, Your Honor, where Mr. Ismael was discriminated against. And the lower court did on summary judgment find that discrimination events did not happen. And the higher court itself did overturn that. And it came back down to an award for Mr. Ismael. This is a history in this U.S. Postal Service that they discriminated against Mr. Ismael. And nobody there is of Middle Eastern descent besides him. And it was noted that. It doesn't have to be a direct statement of somebody's race to be discriminated against based on their race. It just has to be somebody is treated differently. And it was shown by superiors and by the union that those things did occur in this case. And for the district judge to state that they're not under the opinion that it occurred doesn't mean that that's proper. That's why we have a jury to decide these types of things. Everybody can have a difference of opinion. But for that to be flushed out in summary judgment in this case is not proper. This is not a frivolous claim. This has happened before. There were several instances that occurred here today that occurred, I'm sorry, in this case. My client is taken out by police authority while he's doing his job for no reason at all. And they concluded, several employees concluded that's never happened to them, even though they've shouted at their bosses and there was shouting matches and some of them turned physical. And none of that stuff occurred against them. It's not one incident. It's not two. It's not three. There's several instances. And Mr. Ismail, when he files a grievance, he gets retaliated against. The one time he got retaliated against, he was sent home for several weeks. And then when it came back, they determined that it was improper. They gave him his full payback and everything was done. That alone shows proof that he's being discriminated against. The postal service themselves said that these things did occur. So, now when he brings a claim for a judge to state that those things are not reasonable to go to a jury, yes, they are. This was not disposed of properly at summary judgment. My client should have his time and day in court to go ahead and argue his case in front of a jury to see if they believe it was reasonable or not. This is not a defeat to the defendant. It's just giving everybody a fair opportunity to be heard in court to see who is right or wrong. And I do understand that cases should be disposed of on summary judgment or else, you know, courts may backlog. This just isn't one of them. So, we respectfully ask that you do find that our appeal is proper and reverse the decision of the district court. Thank you. Okay. Thank you, Mr. Shalabi. Thank you to both counsel. The case will be taken under advisement. The court will be in recess.